I concur in the majority's disposition of appellant's sole assignment of error. I write separately only to clarify my reason for doing so. Appellant's right to a jury instruction on vehicular homicide was not barred merely because ". . . his defense centered on only one issue, who was the driver . . ." Majority Opinion at 4. Even though a defendant offers only a complete defense, such does not always mean no reasonable view of the evidence would support a lesser included offense. By way of illustration, a defendant charged with felonious assault might offer as his only defense the complete defense of alibi. However, the evidence at trial might arguably support the conclusion the victim suffered only physical harm as opposed to serious physical harm. In such a situation, despite the fact the defendant only presented the complete defense of alibi, the defendant would still be entitled to an instruction on the lesser included offense of assault. Likewise, in the case sub judice, the fact appellant only presented a complete defense, does not preclude analysis of whether a reasonable view of the evidence would support the jury's conclusion appellant's driving was negligent as opposed to reckless. Such analysis depends upon evidence other than appellant's complete defense. The details concerning how the accident happened together with appellant's actions leading up to the accident impact this issue. Upon review of that evidence, I conclude under no reasonable view of the evidence would a jury have found appellant's driving to have been less than reckless. Accordingly, I concur in the result reached by the majority.